[Sac. No. 3809. In Bank.—December 15, 1927.]

## CARRIE S. YOUNG, Executrix, etc., Respondent, v. VALLEJO ELECTRIC LIGHT AND POWER COMPANY (a Corporation), Appellant.

[1] NEGLIGENCE—MAINTAINING ELECTRIC WIRE OVER RESIDENCE—FIRE —TRESPASS—LIABILITY.—A company which constructs and maintains a wire for the transmission of electricity over a lot of land without the consent of the owner is a trespasser, and where the owner erects a building on his lot and notifies the company to remove the wire so it will not come in contact with the building, the company is liable for damages sustained by the owner of the lot in the burning of his house by reason of contact with the wire.

[2] ID.—NOTICE OF DANGER—REQUEST FOR REMOVAL OF WIRE.—In such a case, the owner of the lot is not chargeable with negligence in constructing his dwelling so that the same will come in dangerous proximity to the wire, as he is entitled to rely upon the company's seasonable compliance with his request for the removal of the wire before the same becomes a menace to his building.

[3] ID. — CONTRIBUTORY NEGLIGENCE. — The question of contributory negligence on the part of the owner of the lot, in such a case, was removed from the consideration of the jury by failure of the defendant to show the extent of such negligence, and, this being the case, alleged errors of the trial court in its instruction to the jury in that regard were rendered harmless and could not be made the basis of a reversal of the cause on appeal.

---

(1) 20 C. J., p. 364, n. 79.    (2) 20 C. J., p. 376, n. 59.    (3) 4 C. J., p. 1037, n. 76.

APPEAL from a judgment of the Superior Court of Solano County. W. T. O'Donnell, Judge. Affirmed.

---

1. Liability for injuries caused by electric wires extended over property of another, notes, 46 L. R. A. 97; 14 A. L. R. 1023.

The facts are stated in the opinion of the court.

Frank E. Powers and Joseph M. Raines for Appellant.

Clarence M. Riggins and Francis C. McInnis for Respondent.

RICHARDS, J.—This appeal is from a judgment of the superior court in and for the county of Solano, based upon the verdict of the jury in favor of the plaintiff in the sum of $2,000 and costs, in an action brought by the plaintiff to recover damages from the defendant resulting from the destruction of a dwelling-house of the plaintiff through a fire which was alleged to have been caused by contact with the electrically charged wires of the defendant which it was alleged to have negligently maintained in such a position as to permit them to rest upon the roof of the plaintiff's said dwelling, after being notified to remove the same therefrom. The complaint alleged that the plaintiff's predecessor, William S. S. Young, had, on or about the thirtieth day of April, 1919, entered into a written agreement for the purchase of a certain vacant lot in a tract known as "Vallejo Heights," located near the city of Vallejo, from William D. Pennycook and his wife, the then owners thereof, whereby they had given to said Young the right to take and hold possession of said property and to occupy and improve the same. At the time of making said agreement and for some time prior thereto there was extended and maintained over and across said lot from a service pole of the defendant located on one of the streets of said tract two live electric wires for the purpose of supplying a house which adjoined said vacant lot with electricity. The complaint further alleged that the defendant had so constructed and extended said wires across said vacant lot while the same was owned by said Pennycook without his consent or knowledge, and had thereafter maintained the same across said premises without the permission or consent of the owner thereof. The complaint further alleged that immediately after entering into the said contract for the purchase and sale of said lot Young entered upon the same and commenced the construction thereon of a one-story wooden dwelling-house at such a position upon the lot that it was

located immediately beneath the said electric wires; and that
said Young continued the construction of said dwelling-house
to completion so that when the same was erected said live
electric wires rested upon its roof; that during the course
of the construction of said house Young notified the ap-
pellant to remove said wires, but that it failed and neglected
so to do, but continued to carelessly and negligently main-
tain said wires upon and across said lot and in immediate
contact with the roof of the said dwelling which Young
had thus erected. Shortly after the completion of said
building Young apparently undertook to diminish the danger
resulting from the contact of said live wires with the roof of
his dwelling by inclosing the same, at their place of con-
tact, with a piece of rubber hose about three feet long and
three and a quarter inches in circumference, but notwith-
standing this action on his part the roof of said house took
fire at or about the place where said wires crossed and
came in contact with the roof of said house, with the result
that the house with its contents were entirely destroyed by
said fire, to the damage of said Young in the amount for
which said suit was brought. The answer of the defendant
denied all the material allegations of the complaint with
reference to these imputed negligences, and alleged con-
tributory negligence on the part of the owner of said
dwelling in erecting the same so that its roof came in con-
tact with the defendant's wires, and also in attempting to
inclose said wires within said piece of rubber hose, which
directly and proximately caused or contributed to the de-
struction of said house by said fire. The issues in the case
were submitted to a jury, which returned a verdict in favor
of the plaintiff for the aforesaid sum. From the judg-
ment rendered thereon the defendant has prosecuted this
appeal. [1] The evidence in the case was uncontradicted
in so far as it related to the location of said wires, and that
they had been so placed and maintained without the con-
sent of the owner of the premises, and since there was no
evidence introduced which showed that the defendant was
maintaining its wires and electric service across said lot
under any acquired right so to do from the previous owner
thereof, it must be assumed in support of the verdict that
the jury found the defendant to have been a trespasser on
said property in so doing, and that being such trespasser

it had no right to maintain said wires in their then position to the exclusion of any building which the owner of the lot might see fit to erect thereon, and that it therefore became the duty of the defendant upon notice of the proposed and proceeding construction of the building in question to so remove its wires or change the location thereof as not to interfere with or endanger said building. [2] The evidence sufficiently showed that while said building was in course of construction the builder thereof, Young, had notified the defendant's officials to so remove the wires that they would not come in contact with said building. It was the defendant itself which offered such evidence, for the purpose of showing that said Young had notice and knowledge of the position of the wires and of the resultant danger therefrom before he had so far completed the building as to bring the same in contact with the defendant's wires. But it does not follow from this fact that said Young was chargeable with negligence in constructing his dwelling so that the same would come into dangerous proximity to said wires, for the reason that he would be entitled to rely upon the defendant's seasonable compliance with his request for the removal of the wires before the same became a menace to his building. The evidence in the case further shows it to be a fact that said Young, after he realized the danger from the wires, undertook to minimize the same by the placing of a piece of rubber hose around the same at the point where they came in contact with the roof of his dwelling. The defendant alleged that his act in so doing was negligence, but the record contains no evidence in support of such allegation; but on the contrary shows that the placing of said rubber hose around the wires in the manner in which it was placed would lessen the danger from fire.

Upon the question as to whether the defendant was a trespasser upon the premises, the verdict of the jury must be assumed to have upheld the plaintiff's averment in that regard. The evidence in the case would thus seem to have been sufficient to sustain the allegations of the complaint to the effect that the defendant was grossly negligent in transmitting electricity through its said wires upon and across said premises during the time when it had actual notice that said wires were resting upon the roof of said

202 Cal.—41

house, and that neither Young nor the plaintiff, his successor in interest, was guilty of contributory negligence in the erection of said dwelling in such a manner that the same came in contact with the defendant's wires, and which it was the plain duty of the defendant to remove, and over the removal of which it had at all times full control.

[3] The question of contributory negligence of said Young or of the plaintiff was removed from the consideration of the jury by the total failure on the part of the defendant to show the existence of such negligence, and this being so, whatever alleged errors the trial court may have made in its instructions to the jury in that regard were rendered harmless and could not therefore be made the basis of a reversal of this cause upon appeal. The only rational conclusion to be drawn from the evidence was that the defendant's negligence in the maintenance of its wires upon and across the plaintiff's dwelling and which, as the jury probably found, was the sole proximate cause of the fire. It is, however, earnestly contended by the appellant that in several of its instructions upon the subject of contributory negligence the court stated that contributory negligence was a defense only "as against any ordinary negligence of the defendant." This the appellant insists was error, under the authority of *Tucker* v. *United Railroads*, 171 Cal. 702, 704 [154 Pac. 835], and it may be conceded that the appellant's contention in that regard is correct in the light of said case; but since, as we have seen, there was no showing of contributory negligence on the part of plaintiff, or her predecessor, the error was without prejudice. We find no error in the other instructions of which the appellant complains.

We are of the opinion that the defendant's demurrer to the plaintiff's complaint was properly overruled, and also that the court properly denied defendant's motion for a nonsuit.

The judgment is affirmed.

Shenk, J., Waste, C. J., Curtis, J., Preston, J., Langdon, J., and Seawell, J., concurred.

Rehearing denied.

Langdon, J., dissented.